IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRINITY RUSTON GORE,

      Plaintiff,

vs.                                                                                     No. CIV 16-0194 JB/KBM

GERMAN FRANCO, JERRY ROARK,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Plaintiff's Prisoner's Civil Rights Complaint, filed March 14, 2016 (Doc. 1)("Complaint"). Plaintiff Trinity Ruston Gore is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, the Court will dismiss Gore's Complaint without prejudice and grant Gore leave to file an amended complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting McKinney v. Oklahoma, Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing Gore's pro se

complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that Gore's property was seized and inventoried when he was transferred to a higher level of custody, which had "additional limitations and restrictions from the lower level he previously had come from." Complaint at 2. At some point, he discovered that some of his property had been stolen, lost, donated, or disposed of, contrary to policy and without due process of law. See Complaint at 2. The Complaint alleges that Defendant German Franco, Warden of Lea County Correctional Facility, and Jerry Roark, the Director of Adult Prisons, violated Gore's rights under the Eighth and Fourteenth Amendments to the Constitution of the United States of America by affirming the denial of Gore's informal grievances, formal grievances, and appeals concerning the theft, loss, donation, or disposition of Gore's property. See Complaint at 5. Gore's Complaint seeks the enforcement of the rules and regulations governing the storage of property, as well as compensatory damages for the loss of his property and emotional distress. See Complaint at 1-5.

It is well established that § 1983 does not allow a plaintiff to hold an individual liable under a theory of *respondeat superior*; rather "individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010). The United States Court of Appeals for the Tenth Circuit has held that the "denial of a grievance, by itself without any connection to the violation of the constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009). See Sherratt v. Utah Dep't of Corr., 545 F. App'x 744, 747 (10th Cir. 2013)("Denial of a grievance or failure to properly investigate

or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim.")(unpublished).  Gore's Complaint does not allege that Franco and Roark personally were involved in the theft, loss, donation, or disposition of Gore's property.  Instead, Gore's Complaint alleges that Franco improperly "affirmed the grievance officer's decision on the 7th of November, 2014," and that Roark, "[t]he overall decision maker . . . denied the plaintiff and affirmed the earlier rulings on the 9th of December, 2014."  Complaint at 4.  These allegations are insufficient to establish that Franco and Roark personally participated in the alleged constitutional violations.  The Court therefore dismisses the Complaint without prejudice, under § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

The Court will grant Gore leave to file an amended complaint within thirty days of this Order's date.  Gore's amended complaint must "identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983 . . . claim."  Pahls v. Thomas, 718 F.3d 1210, 1226 (10th Cir. 2013)(emphasis in original).  See Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)(noting that, in § 1983 cases against multiple government actors, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."  (emphasis in original)).  To the extent that Gore wishes to name supervisory personnel as Defendants, he must allege facts demonstrating personal involvement in the alleged constitutional violations by identifying the "specific policies over which particular defendants possessed responsibility," Pahls v. Thomas, 718 F.3d at 1226, and that the Defendants acted with the requisite state of mind, see Pahls v. Thomas, 718 F.3d at 1226.  See also Dodds v. Richardson, 614 F.3d at 1199 ("A plaintiff may therefore succeed in a § 1983 suit against a defendant-supervisor by demonstrating (1) the defendant promulgated, created, implemented, or

possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation."). Failure to comply with this Order may result in the dismissal of this action without further notice.

**IT IS ORDERED** that (i) the Plaintiff's Prisoner's Civil Rights Complaint, filed March 14, 2016 (Doc. 1), is dismissed without prejudice; and (ii) Plaintiff Trinity Ruston Gore is granted leave to file an amended complaint within thirty days from this Memorandum Opinion and Order's entry.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*

Trinity Ruston Gore
Hobbs, New Mexico

    *Plaintiff Pro Se*